FILED IN DISTRICT COURT
OKLAHOMA COUNTY
APR 29 2019
RICK WARREN
COURT CLERK

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| AUSTIN D. CHILDERS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: CJ-2019-2368-40 |
| BOARD OF COMMISSIONERS OF OKLAHOMA COUNTY, | ) |
| Defendant. | ) |

## PETITION

**COMES NOW,** the Plaintiff, Austin D. Childers (hereafter "Childers"), by and through his attorney of record, Tom M. Cummings, and for his causes of action against Defendant, the Board of County Commissioners of Oklahoma County (hereafter "the Commissioners"), alleges and states as follows:

### I.
### PARTIES, JURISDICTION AND VENUE

1. Childers is a resident of Oklahoma City, Oklahoma County, State of Oklahoma.

2. The Commissioners operate facilities and employ workers in Oklahoma County, Oklahoma.

3. Childers was an employee of the Commissioners as defined by state and federal law.

4. The events giving rise to this action occurred in Oklahoma County, Oklahoma.

5. The jurisdiction of this Court is proper pursuant to 12 O.S. § 2004(f) and 25 O.S. § 1350. Venue is properly laid pursuant to 12 O.S. § 137.

FILED IN OFFICE
COUNTY CLERK
MAY 03 2019
DAVID B. HOOTEN County Clerk, Okla. Cnty.
T. Woolive  Deputy
'19 MAY 3 PM 12:45:43

1

EXHIBIT 1

## II.
## PROCEDURAL REQUIREMENTS

6. Childers filed a charge of discrimination with the office of the Attorney General of the State of Oklahoma. Such charge was filed within three hundred (300) days after the alleged unlawful employment practice occurred. Plaintiff received her Notice of Right to Sue Letter and this case was filed less than ninety (90) days after the receipt of the Right to Sue Letter.

## III.
## FACTS

7. Childers began his employment with Defendant on or about June 1, 2017.

8. Beginning on or about June 13, 2018, Childers was subjected to a series of frequent, unwelcome sexual innuendo, accusations and harassment by his manager/supervisor. This sexual harassment further created a hostile environment.

9. On or about August 1, 2018, Childers complained his manager's supervisor about this sexual harassment and hostile work environment.

10. After Childers's complaints, Childers's immediate supervisor was terminated in September, 2018, for reasons unrelated to the sexual harassment.

11. The Commission failed to remedy the sexual harassment complained of and failed to transfer Plaintiff out of the branch where the sexual harassment was occurring.

12. The Commission initially requested that Childers testify about an incident unrelated to the sexual harassment about which the said supervisor was eventually fired and Childers testified truthfully about the said matter.

EXHIBIT 1

13. The Commission thereafter promoted Childers, but did not give him a raise commensurate with the position to which he had been promoted, instead leaving him at the same pay level.

14. The Commission thereafter retaliated against Childers when it subsequently terminated Plaintiff's employment on or about December 27, 2018, for what it initially told Childers was because his having made a complaint about the sexual harassment he endured created "a hostile work environment;" subsequently, the Commission changed the reason for his firing to "abuse of leave," a baseless, untrue and shameful misrepresentation of the true reason for his discharge.

## IV.
## FIRST CLAIM FOR RELIEF
### Violation of Title VII

Plaintiff adopts and re-alleges the above allegations as if fully set forth herein and further alleges and states:

15. Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

16. The actions complained of by Childers and perpetrated by the Commissioners is a direct violation of Title VII.

## V.
## SECOND CLAIM FOR RELIEF
### Violations of OADA

Childers adopts and re-alleges the above allegations as if fully set forth herein and further alleges and states:

3

EXHIBIT 1

17. Oklahoma Anti-Discrimination Act 25 O.S. § 1101 et seq. sets forth a clear and unequivocal public policy regarding discrimination in employment in Oklahoma.

18. The conduct complained of by the Plaintiff and perpetrated by the Defendant is a direct violation of the OADA.

## VI.
### THIRD CLAIM FOR RELIEF
### Wrongful Termination

Childers adopts and re-alleges the above allegations as if fully set forth herein and further alleges and states:

19. Childers was terminated in retaliation for his seeking the protection of the OADA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

20. The Commission's termination of Childers constitutes a wrongful retaliatory termination pursuant to 25 O.S § 1101 *et seq.*

21. As a direct result of the Commission's actions as aforesaid, Childers has incurred actual damages in the form of lost wages and, as well as consequential damages, including but not limited to, emotional distress in an amount in excess of that amount required for federal jurisdiction under the provisions of 28 U.S.C. § 1332. Further, the acts of the Commission were carried out in a willful and/or wanton manner and/or with reckless disregard for the rights of others entitling Childers to punitive and/or liquidated damages.

**WHEREFORE,** Plaintiff prays for judgment over and against the Commission for actual, compensatory and punitive damages in the amount in excess of $10,000 and for all other relief this Court deems just and proper including interest at the statutory rate, reasonable attorney's fees and costs, reinstatement, back pay and front pay.

4

**EXHIBIT 1**

Respectfully submitted,

*(signature)*

Tom M. Cummings   OBA #2089
701 NW 13th Street
Oklahoma City, Oklahoma 73103
Telephone (405) 521-8900
Fax (405) 604-9054
E-mail: tomcummingslawfirm@gmail.com
Attorney for Plaintiff

ATTORNEYS LIEN CLAIMED

**EXHIBIT 1**