# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUSTIN D. CHILDERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> BOARD OF COMMISSIONERS OF ) <br> OKLAHOMA COUNTY, ) <br> ) <br> Defendant. ) | Case No. CIV-19-460-F |

## ORDER

Before the court is the Motion to Dismiss by Defendant Board of County Commissioners of Oklahoma County, filed May 30, 2019. Doc. no. 5. Plaintiff has responded to the motion and defendant has replied. Upon due consideration of the parties' submissions, the court makes its determination.

I.

Plaintiff, Austin D. Childers, is a former employee of defendant, Board of County Commissioners of Oklahoma County. He filed an action against defendant in the District Court of Oklahoma County, State of Oklahoma, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*., and the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. 2011 § 1101, *et seq*. Defendant timely removed the action to this court based upon the existence of federal question jurisdiction, 28 U.S.C. § 1331. It now seeks to dismiss plaintiff's petition against it pursuant to Rule 12(b)(6), Fed. R. Civ. P., and Rule 12(b)(1), Fed. R. Civ. P. Specifically, defendant argues that the petition fails to state Title VII claims for sexually hostile work environment and retaliation

under the pleading standards set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2008) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). In addition, it argues that the court lacks jurisdiction to adjudicate the Title VII retaliation claim because plaintiff failed to exhaust his administrative remedies with respect to the claim. Defendant further argues that the court lacks jurisdiction over the OADA claims because plaintiff failed to file a pre-suit notice as required by the Oklahoma Governmental Tort Claims Act, 51 O.S. 2011 § 151, *et seq*. Lastly, defendant argues that the OADA claims fail as a matter of law for the same reasons as with the Title VII claims.

II.

In adjudicating defendant's Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pleaded factual allegations and view them in a light most favorable to plaintiff. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). A pleading is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P. The Rule 8 pleading standard does not require "detailed factual allegations," but it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). To survive defendant's Rule 12(b)(6) motion, plaintiff's complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id*. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when [] plaintiff pleads factual content that allows the court to draw the reasonable inference that [] defendant is liable for the misconduct alleged." *Id*. (citing Twombly, 550 U.S. at 556).

"[T]he nature and specificity of the allegations required to state a plausible claim will vary based on context." Shields, 744 F.3d at 641 (quotation omitted).

2

Making that determination requires the court to draw on "its judicial experience and common sense." *Id*. (quotation omitted).

Although generally the sufficiency of a complaint under Rule 12(b)(6) must rest on its contents alone, the court may consider documents "referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010) (quotations omitted).

Rule 12(b)(1) motions generally take one of two forms. First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction. Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995). In reviewing the facial attack, the district court must accept the allegations in the complaint as true. *Id*. Second, a party may go beyond the allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id*. at 1003. The court has wide discretion to allow evidence outside the pleadings and the court's reference to such evidence does not convert the motion into a Rule 56 motion. *Id*.[1]

III.

Title VII Retaliation Claim - Failure to Exhaust Administrative Remedies

Title VII prohibits discrimination in employment on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). The Act also prohibits retaliation against a person who asserts rights under the statute. 42 U.S.C. § 2000e-3(a). As a precondition to the commencement of a Title VII action in court, a complainant must file a charge with the Equal Employment

---

[1] A court is required to convert a Rule 12(b)(1) motion into a Rule 56 motion when resolution of the jurisdictional question is intertwined with the merits of the case. Holt, 46 F.3d at 1003. Here, the resolution of the jurisdictional question, discussed hereinafter, is not intertwined with the merits.

3

Opportunity Commission ("EEOC") or an appropriate state or local agency. 42 U.S.C. § 2000e-5(c), (e)(1), (f)(1). The Supreme Court recently held that Title VII's charge-filing precondition to suit is not jurisdictional, but is, instead, a claims-processing rule, which is mandatory if properly raised. Fort Bend County v. Davis, 139 S.Ct. 1843, 1846, 1849-1851 (2019). In the case at bar, defendant has timely raised plaintiff's failure to exhaust administrative remedies by filing its dismissal motion. Upon review, the court concludes that the retaliation claim is not subject to dismissal under Rule 12(b)(6).[2]

At the outset, it should be noted that defendant is correct on one point. The charge of discrimination filed by plaintiff does not check the box for a retaliation claim. *See*, doc. no. 5-1; doc. no. 6-2. "The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box." Jones v. United Parcel Serv., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007). However, "[t]he presumption may be rebutted, [] if the text of the charge clearly sets forth the basis of the claim." *Id*. Here, the text of the charge, liberally construed, can be read as providing the basis of a retaliation claim. It states that plaintiff had been subjected to sexual harassment by his supervisor since June 13, 2018, he reported the sexual harassment to the human resources department ("HR") the first of August, 2018, HR investigated the conduct and the supervisor was discharged in September 2018, the sexual harassment stopped, he was discharged on December 27, 2018 and the County Commissioner gave "abuse of leave" as the reason for the discharge. In the court's view, the EEOC "charge [contains] facts concerning the . . . retaliatory actions underlying [plaintiff's] claim[.]" *Id*.

---

[2] Because Title VII's charge-filing precondition is not jurisdictional, the court concludes that the retaliation claim is subject to review and dismissal under Rule 12(b)(6).

4

The "plaintiff's claim in court 'is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC.'" Smith v. Cheyenne Retirement Investors L.P., 904 F.3d 1159, 1164 (10th Cir. 2018) (quoting MacKenzie v. City & Cty. of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005)). And "[t]he ultimate question is whether 'the conduct alleged [in the lawsuit] would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made [in the EEOC charge].'" Smith, 904 F.3d at 1164 (quoting Martin v. Nannie & Newborns, Inc., 3 F.3d 1410, 1416 n. 7 (10th Cir. 1993), *overruled on other grounds as recognized by* Davidson v. America Online, Inc., 337 F.3d 1179, 1185 (10th Cir. 2003)). The court finds that the conduct alleged by plaintiff in his petition for relief on his retaliation claim would fall within the scope of the administrative investigation which would reasonably be expected to follow or grow out of the discriminatory acts alleged by plaintiff in the EEOC charge. The factual basis for the retaliation claim is discernable from the text of the charge. That is all that is required. Because the presumption created by plaintiff's failure to mark the retaliation box has been rebutted by the text of the EEOC charge, the court concludes that dismissal of the retaliation claim under Rule 12(b)(6) based upon failure to exhaust administrative remedies is not appropriate.

Title VII Retaliation Claim – Failure to State Claim

Even if plaintiff is deemed to have exhausted his administrative remedies for the Title VII retaliation claim, defendant argues that plaintiff's petition fails to provide facts plausibly stating a retaliation claim. Defendant points out that the petition alleges that plaintiff complained of sexual harassment on August 1, 2018 and was terminated on December 27, 2018. Relying upon Nealis v. Coxcom, LLC, 731 Fed. Appx. 787 (10th Cir. 2018), defendant maintains that the four and

one-half month period between plaintiff's complaint of sexual harassment and termination is not sufficient to establish the casual-connection element of a prima facie case of retaliation.

To establish a prima facie case of retaliation, a plaintiff must, in part, demonstrate "a causal connection exists between the protected activity and the materially adverse action." Hansen v. SkyWest Airlines, 844 F.3d 914, 925 (10th Cir. 2016). Causal connection may be inferred "[i]f the protected conduct is closely followed by adverse action." Ward v. Jewell, 772 F.3d 1199, 1203 (10th Cir. 2014). Under Tenth Circuit law, four and one-half months is too long to establish causal connection. *See*, Piercy v. Maketa, 480 F.3d 1192, 1198 (10th Cir. 2007) (adverse employment action that happened more than three months after the protected activity does not establish causal connection).

Nonetheless, a plaintiff may also rely upon "additional evidence" to tie the adverse employment action to the protected activity. Anderson v. Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir. 1999). In the petition, plaintiff alleges that he was "initially told" that he was terminated "because his having made a complaint about the sexual harassment he endured created a 'hostile work environment;' subsequently, [defendant] changed the reason for his firing to 'abuse of leave,'" a baseless, untrue and shameful misrepresentation of the true reason for his discharge." Doc. no. 1-1, ¶ 14. The Tenth Circuit has considered an employer's proffered reasons for taking adverse action in evaluating the causal-connection element of the prima facie case of retaliation. Wells v. Colorado Dept. of Transp., 325 F.3d 1205, 1218 (10th Cir. 2003). Viewing the allegations of the petition in a light most favorable to plaintiff, the court concludes that plaintiff's petition sufficiently alleges facts to establish the causal-connection element of a prima facie case of retaliation. Thus, the court concludes that the retaliation claim

survives dismissal under Rule 12(b)(6). That said, the court will observe that the retaliation claim clears the bar by an exceedingly thin margin. Given the sequence of events in the last seven months of 2018, plaintiff should not be surprised if the jury makes short work of his retaliation claim.

<u>Title VII Sexually Hostile Work Environment Claim – Failure to State Claim</u>

Defendant also argues that plaintiff's petition fails to plausibly state a sexually hostile work environment claim. According to defendant, the petition fails to set forth allegations sufficient to allow the court to infer that he was sexually harassed or subjected to a hostile work environment. Defendant maintains that there are no allegations of the comments made, whether the comments were threatening or humiliating or merely offensive, as to the frequency and the severity of the conduct and whether the conduct unreasonably interfered with his work performance.

It is well-settled that a plaintiff may establish a violation of Title VII by showing discrimination based on sex has created a hostile or abusive working environment. <u>Meritor Sav. Bank, FSB v. Vinson</u>, 477 U.S. 57, 66 (1986). To establish a sexually hostile work environment existed, a plaintiff must prove the following elements: "(1) [he] is a member of a protected group; (2) [he] was subject to unwelcome harassment; (3) the harassment was based on sex; and (4) [due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment." <u>Dick v. Phone Directories Co., Inc.</u>, 397 F.3d 1256, 1263 (10th Cir. 2005).

Upon review, the court agrees with defendant that the petition's allegations, taken as true, fail to state a plausible sexually hostile work environment claim. With regard to this claim, the petition merely alleges that plaintiff "was subjected

to a series of frequent, unwelcome sexual innuendo, accusations and harassment by his manager/supervisor.³ This sexual harassment created a hostile environment." Doc. no. 1-1, ¶ 8. The EEOC charge referenced in the petition alleges that the "sexual harassment was sexual natured comments that occurred on several occasions." Doc. no. 6-2, ECF p. 4. However, neither the petition nor the charge sets forth facts to show that the alleged harassment was based on plaintiff's sex, *i.e.*, gender. In Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 79-80 (1998), the Supreme Court recognized that same-sex sexual harassment is actionable under Title VII. In Dick v. Phone Directories Co., Inc., the Tenth Circuit emphasized that "even for same-sex sexual harassment claims, '[i]f the nature of an employee's environment, however unpleasant, is not due to [his] gender, [he] has not been the victim of sex discrimination as a result of that environment.'" 397 F.3d at 1263 (quoting Stahl v. Sun Microsystems, Inc., 19 F.3d 533, 538 (10th Cir. 1994)).⁴ The allegations provided by plaintiff in his petition are clearly not sufficient to establish that plaintiff was "subjected to a disadvantage to which the other sex [was] not." *Id*. (citing Oncale, 523 U.S. at 80).

In addition, plaintiff's allegations are not sufficient to establish that the alleged harassment was so severe or pervasive as to alter a term, condition or privilege of plaintiff employment and create an abusive working environment. *See*, Morris v. City of Colorado Springs, 666 F.3d 654, 663-664 (10th Cir. 2012).

---

³ In its motion, defendant identifies the supervisor as male. Doc. no. 5, ECF p. 1.

⁴ In particular, the Tenth Circuit stated that "[w]orkplace harassment is not 'automatically discrimination because of sex merely because the words used have sexual content or connotations' . . . Title VII is not 'a general civility code for the American workplace' . . . Rather, the critical issue in determining whether harassment is because of sex is whether members of one sex are subjected to a disadvantage to which the other sex is not." Dick, 397 F.3d at 1263 (quoting and citing Oncale, 523 U.S. at 80).

Relevant considerations to determine whether an environment is objectively hostile include: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. at 664 (quotations and citation omitted). The petition gives the court no allegations which would enable the court to plausibly infer that the work environment was objectively hostile.

The court concludes that defendant's motion to dismiss the Title VII sexually hostile work environment claim under Rule 12(b)(6) must be granted. However, the dismissal will be without prejudice. Plaintiff will be permitted to file an amended complaint to state a plausible Title VII sexually hostile work environment claim if his counsel determines that that can be accomplished within the strictures of Rule 11.

IV.

OADA Claims – Failure to Provide Pre-Suit Notice

Under Oklahoma's Governmental Tort Claims Act (GTCA or Act), "[a]ny person having a claim against . . . a political subdivision . . . shall present [his] claim to the . . . political subdivision for any appropriate relief including the award of money damages," 51 O.S. 2011 § 156(A), and such "claims against . . . a political subdivision are to be presented within one (1) year of the date the loss occurs." *Id*. § 156(B). The GTCA further provides that "[a] person may not initiate a suit against . . . a political subdivision unless the claim has been denied in whole or in part." *Id*. § 157.

There are no allegations in the petition that plaintiff has complied with the GTCA. In his briefing, plaintiff suggests that he has complied with the notice requirements. However, the court concludes that the filing of the EEOC charge

9

is not sufficient to provide notice under the Act. The GTCA requires written notice of a claim to be filed with the office of the clerk of the governing body, 51 O.S. § 156(D). *See*, Ford v. Tulsa Public Schools, 405 P.3d 142, 147 (Okla. Civ. App. 2017) ("[O]nly a claim filed with the office of the clerk of the governing body . . . is sufficient to invoke the protections of the GTCA.") (quotations omitted). The GTCA also requires the notice to include very specific information regarding, for example, the amount of compensation or other relief demanded. 51 O.S. § 156(E). Plaintiff's EEOC charge does not comply with these requirements. Prince v. City of Oklahoma City, 2009 WL 2929341, * 3 (W.D. Okla. Sept. 9, 2009). Accordingly, the court finds that dismissal of the OADA claims is warranted. The OADA claims will be dismissed without prejudice for lack of jurisdiction under Rule 12(b)(1). The amended complaint, which the court is permitting plaintiff to file to state a plausible sexually hostile work environment claim, shall not include the OADA claims. It may only allege the Title VII retaliation and sexually hostile work environment claims.

V.

Based upon the foregoing, Motion to Dismiss by Defendant Board of County Commissioners of Oklahoma County, filed May 30, 2019 (doc. no. 5), is **GRANTED in part** and **DENIED in part**. Plaintiff's claims under the Oklahoma Anti-Discrimination Act are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. Plaintiff's sexually hostile work environment claim under Title VII of the Civil Rights Act of 1964 is **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(6), Fed. R. Civ. P.

Plaintiff is **GRANTED** leave to file an amended complaint no later than August 2, 2019, alleging the Title VII retaliation claim (as has been noted, that claim survives dismissal under Rule 12(b)(6), albeit barely) and re-alleging the

Title VII sexually hostile work environment claim if he chooses to do so. If plaintiff fails to file an amended complaint within the time prescribed, this case shall proceed only on the Title VII retaliation claim alleged in plaintiff's petition and defendant shall file its answer to plaintiff's petition with respect to the Title VII retaliation claim on or before August 16, 2019.

IT IS SO ORDERED this 12th day of August, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0460p001 rev_.docx