# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUSTIN D. CHILDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-19-460-F |
| ) | |
| BOARD OF COMMISSIONERS OF ) | |
| OKLAHOMA COUNTY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is the Motion to Dismiss Amended Complaint by Defendant Board of County Commissioners of Oklahoma County, filed August 14, 2019. Doc. no. 10. Plaintiff has responded to the motion and defendant has replied. Upon due consideration of the parties' submissions, the court makes its determination.

I.

*Background*

Plaintiff, Austin D. Childers, is a former employee of defendant, Board of County Commissioners of Oklahoma County. He filed an action against defendant in the District Court of Oklahoma County, State of Oklahoma, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. 2011 § 1101, *et seq*. Defendant timely removed the action to this court based upon the existence of federal question jurisdiction, 28 U.S.C. § 1331. It then moved to dismiss plaintiff's petition against it pursuant to Rule 12(b)(6), Fed. R.

Civ. P., and Rule 12(b)(1), Fed. R. Civ. P. Specifically, defendant argued that the petition failed to state Title VII claims for sexually hostile work environment and retaliation under the pleading standards set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2008) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). In addition, it argued that the court lacked jurisdiction to adjudicate the Title VII retaliation claim because plaintiff failed to exhaust his administrative remedies with respect to that claim. Defendant further argued that the court lacked jurisdiction over the OADA claims because plaintiff failed to file a pre-suit notice as required by the Oklahoma Governmental Tort Claims Act (GTCA), 51 O.S. 2011 § 151, *et seq*. Lastly, defendant argued that the OADA claims failed as a matter of law for the same reasons as was the case with the Title VII claims.

On July 12, 2019, the court entered an order granting in part and denying in part defendant's dismissal motion. Doc. no. 8. The court dismissed plaintiff's OADA claims without prejudice for lack of jurisdiction under Rule 12(b)(1). Specifically, the court concluded that there were no allegations in the petition that plaintiff had complied with the GTCA's pre-suit notice requirement. The court also dismissed the Title VII sexually hostile work environment claim without prejudice under Rule 12(b)(6). With respect to this claim, the court concluded that neither the allegations of the petition nor the charge filed with the Equal Employment Opportunity Commission (EEOC) set forth facts to show that the alleged harassment was based on plaintiff's sex, *i.e.* gender, or that the alleged harassment was so severe or pervasive to alter a term, condition or privilege of plaintiff's employment and create an abusive working environment. The court, however, granted plaintiff leave to file an amended complaint to state a plausible Title VII sexually hostile work environment claim if his counsel determined that that could be accomplished within the strictures of Rule 11, Fed. R. Civ. P.

As to the Title VII retaliation claim, the court denied dismissal under Rule 12(b)(6), concluding that plaintiff had exhausted his administrative remedies with respect to that claim, and that the allegations of the petition plausibly stated a retaliation claim.

In its July 12th order, the court advised plaintiff that the amended complaint, permitted by the court, was to include only the Title VII retaliation and sexually hostile work environment claims.

On July 31, 2019, plaintiff filed a First Amended Complaint. Plaintiff reasserts his Title VII sexually hostile work environment and retaliation claims. He also appears to allege a retaliation claim under the OADA. *See*, doc. no. 9, ¶ 18 ("[Defendant's] termination of [plaintiff] constitutes a wrongful retaliatory termination pursuant to . . . 25 O.S. § 1101 *et seq*.").

Defendant has filed the instant motion seeking to dismiss all claims alleged in the First Amended Complaint under Rule 12(b)(6) or Rule 12(b)(1). Defendant argues that the amended pleading again fails to state a plausible Title VII sexually hostile work environment claim. According to defendant, plaintiff, despite being granted a second opportunity to allege sufficient facts to state a plausible sexually hostile work environment claim, has not alleged a single new fact in the amended pleading to support that claim.

With respect to the Title VII retaliation claim, defendant posits that the claim fails because plaintiff cannot establish a *prima facie* case of retaliation. Specifically, defendant argues that plaintiff cannot show that a causal connection exists between the alleged protected activity and the materially adverse action. According to defendant, plaintiff alleges in the First Amended Complaint that "[i]nitially, [defendant] told [plaintiff] his termination was because his having made a complaint about the sexual harassment he endured had created 'a hostile

3

work environment,' subsequently, [defendant] changed the reason for his firing to 'abuse of leave,' a baseless, untrue and shameful misrepresentation of the true reason for his discharge." Doc. no. 9, ¶ 14. While defendant recognizes, as the court previously found, that an employer's proffered reason for taking adverse action may be considered in evaluating the causal connection element, it argues that plaintiff's alleged proffered reason for his termination in the First Amended Complaint specifically contradicts the proffered reason stated by plaintiff in the EEOC charge. Defendant argues that plaintiff represented in the EEOC charge, under penalty of perjury, that he was informed by defendant "the reason given for [his] discharge was 'abuse of leave.'" Doc. no. 10-1. Defendant asserts that the court does not have to accept plaintiff's contradictory allegations in the First Amended Complaint regarding the reason for his termination as true. Further, defendant argues that the allegations in the EEOC charge would not have prompted an investigation for a retaliation claim given plaintiff's statement that the reason for his termination was abuse of leave.

Lastly, defendant argues that the court lacks subject matter jurisdiction over the OADA retaliatory claim because plaintiff fails to allege in the First Amended Complaint that he complied with the notice requirements of the GTCA. Defendant asserts that plaintiff's EEOC charge does not satisfy the notice requirement.

II.

*Standard of Review*

In adjudicating defendant's Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pleaded factual allegations and view them in a light most favorable to plaintiff. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). A pleading is required to contain "a short and plain statement of the claim showing

4

that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P. The Rule 8 pleading standard does not require "detailed factual allegations," but it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). To survive defendant's Rule 12(b)(6) motion, plaintiff's complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when [] plaintiff pleads factual content that allows the court to draw the reasonable inference that [] defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

"[T]he nature and specificity of the allegations required to state a plausible claim will vary based on context." Shields, 744 F.3d at 641 (quotation omitted). Making that determination requires the court to draw on "its judicial experience and common sense." Id. (quotation omitted).

Although generally the sufficiency of a complaint under Rule 12(b)(6) must rest on its contents alone, the court may consider documents "referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010) (quotations omitted).

Rule 12(b)(1) motions generally take one of two forms. First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction. Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995). In reviewing the facial attack, the district court must accept the allegations in the complaint as true. Id. Second, a party may go beyond the allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. Id. at 1003. The court has wide discretion to allow evidence

5

outside the pleadings and the court's reference to such evidence does not convert the motion into a Rule 56 motion. Id.[1]

III.

*Analysis*

OADA Claim – Failure to Provide Pre-Suit Notice

This court previously determined that the court lacked jurisdiction over the OADA claims alleged in plaintiff's petition because there were no allegations in the petition that plaintiff complied with the GTCA's notice requirement. The court found that the EEOC charge was not sufficient to provide notice under the GTCA. As the court stated, the GTCA requires written notice of a claim to be filed with the office of the clerk of the governing body, 51 O.S. § 156(D). *See*, Ford v. Tulsa Public Schools, 405 P.3d 142, 147 (Okla. Civ. App. 2017) ("[O]nly a claim filed with the office of the clerk of the governing body . . . is sufficient to invoke the protections of the GTCA.") (quotations omitted). Additionally, the GTCA requires the notice to include very specific information regarding, for example, the amount of compensation or other relief demanded. 51 O.S. § 156(E). Plaintiff's EEOC charge does not comply with these requirements. Prince v. City of Oklahoma City, 2009 WL 2929341, * 3 (W.D. Okla. Sept. 9, 2009). Plaintiff's First Amended Complaint does not cure the deficiencies in the petition.[2]

---

[1] A court is required to convert a Rule 12(b)(1) motion into a Rule 56 motion when resolution of the jurisdictional question is intertwined with the merits of the case. Holt, 46 F.3d at 1003. Here, the resolution of the jurisdictional question, discussed hereinafter, is not intertwined with the merits.

[2] The court notes that in the July 12th order, it stated that the amended complaint shall not include the OADA claims. Although plaintiff disregarded the court's order, the court declines to take any action against plaintiff or his counsel. The court presumes that plaintiff misinterpreted the court's order to preclude the claims alleged in the Second Claim for Relief and not the claim alleged in the Third Claim for Relief in the petition.

6

Therefore, the court finds that dismissal of the OADA retaliation claim is warranted. The OADA wrongful termination claim will be dismissed without prejudice for lack of jurisdiction under Rule 12(b)(1).

Title VII Sexually Hostile Work Environment Claim – Failure to State Claim

This court previously determined that the allegations of plaintiff's petition, taken as true, failed to state a plausible Title VII sexually hostile work environment claim. As stated by the court, the petition merely alleged that plaintiff "was subjected to a series of frequent, unwelcome sexual innuendo, accusations and harassment by his manager/supervisor.[3] This sexual harassment created a hostile environment." Doc. no. 1-1, ¶ 8. The EEOC charge alleged that the "sexual harassment was sexual natured comments that occurred on several occasions." Doc. no. 6-2, ECF p. 4. However, neither the petition nor the charge provided factual allegations to show that the alleged harassment was based on plaintiff's sex, *i.e.*, gender. In <u>Oncale v. Sundowner Offshore Servs., Inc.</u>, 523 U.S. 75, 79-80 (1998), the Supreme Court recognized that same-sex sexual harassment is actionable under Title VII. In <u>Dick v. Phone Directories Co., Inc.</u>, 397 F.3d 1256 (10th Cir. 2005), the Tenth Circuit emphasized that "even for same-sex sexual harassment claims, '[i]f the nature of an employee's environment, however unpleasant, is not due to [his] gender, [he] has not been the victim of sex discrimination as a result of that environment.'" 397 F.3d at 1263 (quoting <u>Stahl v. Sun Microsystems, Inc.</u>, 19 F.3d 533, 538 (10th Cir. 1994)).[4] The

---

[3] Defendant identified the supervisor as male. Doc. no. 5, ECF p. 1.

[4] In particular, the Tenth Circuit stated that "[w]orkplace harassment is not 'automatically discrimination because of sex merely because the words used have sexual content or connotations' . . . Title VII is not 'a general civility code for the American workplace' . . . Rather, the critical issue in determining whether harassment is because of sex is whether members of one sex are subjected to a disadvantage to which the other sex is not." <u>Dick</u>, 397 F.3d at 1263 (quoting and citing <u>Oncale</u>, 523 U.S. at 80).

7

court found that the allegations provided by plaintiff in his petition were clearly not sufficient to establish that plaintiff was "subjected to a disadvantage to which the other sex [was] not." *Id*. (citing Oncale, 523 U.S. at 80).

In addition, the court found that plaintiff's allegations were not sufficient to establish that the alleged harassment was so severe or pervasive as to alter a term, condition or privilege of plaintiff employment and create an abusive working environment. *See*, Morris v. City of Colorado Springs, 666 F.3d 654, 663-664 (10th Cir. 2012). Considerations relevant to the determination as to whether an environment is objectively hostile include: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. at 664 (quotations and citation omitted). The court found that the petition contained no allegations which would enable the court to plausibly infer that the work environment was objectively hostile.

As pointed out by defendant in its motion, plaintiff has not set forth a single new fact in the First Amended Complaint to support the Title VII sexually hostile work environment claim. And plaintiff, in his response, has not provided any justification for reconsideration of its previous dismissal. Consequently, the court concludes that defendant's motion to dismiss the Title VII sexually hostile work environment claim under Rule 12(b)(6) must be granted. Because plaintiff has failed to cure the deficiencies in his allegations with respect to the Title VII sexually hostile work environment claim (and indeed has made no effort to do so) and has not filed a motion seeking leave to amend his pleadings with respect to that claim, the dismissal of that claim pursuant to Rule 12(b)(6) will be with prejudice.

Title VII Retaliation Claim – Failure to State a Claim and Exhaust Administrative Remedies

Defendant previously challenged plaintiff's Title VII retaliation claim on the basis that plaintiff could not establish one of the elements of the *prima facie* case – the existence of a causal connection between the protected activity and the materially adverse action. Defendant pointed out that the petition alleged that plaintiff complained of sexual harassment on August 1, 2018 and was terminated on December 27, 2018. Relying upon Nealis v. Coxcom, LLC, 731 Fed. Appx. 787 (10th Cir. 2018), defendant argued that the four and one-half month period between plaintiff's complaint of sexual harassment and termination was not sufficient to establish the causal-connection element.

As the court stated, to establish a prima facie case of retaliation, a plaintiff must, in part, demonstrate "a causal connection exists between the protected activity and the materially adverse action." Hansen v. SkyWest Airlines, 844 F.3d 914, 925 (10th Cir. 2016). Causal connection may be inferred "[i]f the protected conduct is closely followed by the adverse action." Ward v. Jewell, 772 F.3d 1199, 1203 (10th Cir. 2014). Under Tenth Circuit law, four and one-half months is too long to establish causal connection. *See*, Piercy v. Maketa, 480 F.3d 1192, 1198 (10th Cir. 2007) (adverse employment action that happened more than three months after the protected activity does not establish causal connection).

Nonetheless, the court stated that a plaintiff may also rely upon "additional evidence" to tie the adverse employment action to the protected activity. Anderson v. Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir. 1999). The court stated that in the petition, plaintiff alleged that he was "initially told" that he was terminated "because his having made a complaint about the sexual harassment he

endured created a 'hostile work environment;' subsequently, [defendant] changed the reason for his firing to 'abuse of leave," a baseless, untrue and shameful misrepresentation of the true reason for his discharge." Doc. no. 1-1, ¶ 14. The court stated that the Tenth Circuit has considered an employer's proffered reasons for taking adverse action in evaluating the causal-connection element of the prima facie case of retaliation. Wells v. Colorado Dept. of Transp., 325 F.3d 1205, 1218 (10th Cir. 2003). Viewing the allegations of the petition in a light most favorable to plaintiff, the court concluded that plaintiff's petition sufficiently alleged facts to establish the causal-connection element of a *prima facie* case of retaliation.

In the present motion, defendant recognizes that an employer's proffered reasons for taking adverse action may be considered in evaluating the causal-connection element; however, it argues that the proffered reason alleged in the First Amended Complaint contradicts the proffered reason declared under penalty of perjury in the EEOC charge. Defendant represents that there are no allegations in the EEOC charge that the proffered reason - "abuse of leave" - was false or a pretext for retaliation. Defendant contends that plaintiff should not be able to contradict the EEOC charge in this federal lawsuit.

The court is not convinced that the allegations of the First Amended Complaint and the EEOC charge specifically contradict. Although the EEOC charge does not contain all of the allegations found in the First Amended Complaint regarding what plaintiff was told about his discharge, it does not require the court to disregard those allegations in ruling on defendant's Rule 12(b)(6) motion. The court again concludes that the First Amended Complaint states a plausible Title VII retaliation claim and survives dismissal under Rule 12(b)(6). That said, the court will again observe that the retaliation claim clears the bar by an exceedingly thin margin.

10

In its motion, defendant appears to again challenge whether plaintiff properly exhausted his administrative remedies with respect to the Title VII retaliation claim. Quoting MacKenzie v. City & Cty. of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005), defendant states "[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." According to defendant, the facts alleged in the EEOC charge would not prompt an investigation into a claim for retaliation when the plaintiff declared that his termination was for abuse of leave.

As previously stated by the court, "[t]he ultimate question is whether 'the conduct alleged [in the lawsuit] would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made [in the EEOC charge].'" Smith v. Cheyenne Retirement Investors L.P., 904 F.3d 1159, 1164 (10th Cir. 2018) (quoting Martin v. Nannie & Newborns, Inc., 3 F.3d 1410, 1416 n. 7 (10th Cir. 1993), *overruled on other grounds as recognized by* Davidson v. America Online, Inc., 337 F.3d 1179, 1185 (10th Cir. 2003)). The court again concludes that the conduct alleged by plaintiff in his First Amended Complaint would fall within the scope of the administrative investigation which would reasonably be expected to follow or grow out of the discriminatory acts alleged by plaintiff in the EEOC charge. The factual basis for the retaliation claim is discernable from the text of the charge. That is all that is required. The plaintiff did not "declare[] under penalty of perjury that his termination was for abuse of leave." Doc. no. 10, ECF p. 7. He declared that he "*was informed* by [defendant] the reason given for [his] discharge was 'abuse of leave.'" Doc. no. 10-1. The court declines to reconsider its ruling on the issue of failure to exhaust administrative remedies. The court concludes that the Title VII retaliation claim

survives dismissal under Rule 12(b)(6) based upon failure to exhaust administrative remedies.

IV.

*Ruling*

Based upon the foregoing, the Motion to Dismiss Amended Complaint by Defendant Board of County Commissioners of Oklahoma County, filed August 14, 2019 (doc. no. 10), is **GRANTED in part** and **DENIED in part**.

Plaintiff's wrongful termination claim under the Oklahoma Anti-Discrimination Act is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. Plaintiff's sexually hostile work environment claim under Title VII of the Civil Rights Act of 1964 is **DISMISSED WITH PREJUDICE** under Rule 12(b)(6), Fed. R. Civ. P.

Plaintiff's retaliation claim under Title VII remains at issue. Defendant shall file an answer to the First Amended Complaint within 14 days from the date of this order.

IT IS SO ORDERED this 28th day of August, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0460p002 REV _.docx